FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TIMOTHY G. CASSIUS,
a/k/a "Cash," a/k/a "Almighty Dollar,"
a/k/a "AD,"

        Defendant-Appellant.

No. 08-1304
(D.C. No. 1:06-CR-00270-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT***

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judge.

Defendant-appellant Timothy Cassius was found guilty of various drug

trafficking offenses, as well as carrying a firearm in relation to a drug trafficking

offense, being a felon in possession of a firearm, and various witness-tampering

offenses. The district court sentenced him to 360 months' imprisonment followed

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by eight years' supervised release and imposed a $100 special assessment fee. The sentence reflected Mr. Cassius's status as a career offender under USSG § 4B1.1. Counsel on appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Mr. Cassius has submitted a pro se filing arguing (1) that his sentence as a career offender under § 4B1.1 was erroneous; (2) that he never "used or carried" a weapon in furtherance of any offense; (3) that his rights under the double jeopardy clause were violated; and (4) that he received ineffective assistance of counsel on appeal. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we GRANT counsel's request to withdraw and DISMISS this appeal.

Turning first to the arguments in Mr. Cassius's pro se brief, he argues that the government relied on his prior convictions for attempted escape and attempted sale of a controlled substance to establish his status as a career offender. According to him, that is error because neither of those offenses are crimes of violence or controlled substance offenses, as required by § 4B1.1. The government, however, did not sentence Mr. Cassius. That was done by the district court which rightly relied on two prior felony convictions involving the sale of controlled substances or imitation controlled substances detailed in the presentence investigative report. *See* R. Vol. IX at 39 (August 5, 2008, sentencing hearing transcript); Vol. XIII at ¶¶ 60, 73 (presentence report).

Mr. Cassius next contends that he was not guilty of using or carrying a firearm under 18 U.S.C. § 924(c)(1) because "the firearm was found in a briefcase in a car." Aplt. Opposition to *Anders* Br. at 3. Mr. Cassius neglects to mention, however, that the gun belonged to him, that it was found in a briefcase identified by a witness as looking like one belonging to him, that the briefcase was located in the car he was driving when he was arrested, and that crack cocaine was also found in the briefcase. *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998), defines "carrying" for purposes of § 924(c) broadly enough to encompass Mr. Cassius's conduct in this case.

Mr. Cassius makes no argument based on the double jeopardy clause, and our "full examination of all the proceedings," *see Anders*, 386 U.S. at 744, reveals none. And finally, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

To comply with *Anders*, counsel was required to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel has done so and identifies eight potential issues, none of which we find meritorious.

The first group of issues identified by counsel concern Mr. Cassius's co-defendant, Latisha Thomas. The district court did not err in upholding Ms. Thomas's Fifth Amendment privilege against self-incrimination. It is clear that Ms. Thomas faced "some authentic danger of self-incrimination" had she testified, *see United States v. Rivas-Macias*, 537 F.3d 1271, 1277 (10th Cir. 2008) (quotation omitted), *cert. denied*, 129 S. Ct. 1371 (2009), and she did not waive her privilege by entering into a plea agreement, *see id.* at 1280 ("squarely reject[ing] the proposition that an individual waives the Fifth Amendment privilege by pleading guilty to a crime"). Further, the district court had no inherent authority to grant her immunity in order to force her testimony. *United States v. Serrano*, 406 F.3d 1208, 1217 (10th Cir. 2005).

Turning to the conduct of the trial itself, our full examination of the proceedings reveals that a reasonable jury could find guilt beyond a reasonable doubt on the witness-tampering charges, given the direct and circumstantial evidence and reasonable inferences, taken in a light most favorable to the government. *See United States v. Nelson*, 383 F.3d 1227, 1229 (10th Cir. 2004). Mr. Joie Sams, the target of the tampering, testified that Mr. Cassius had asked him to swear that he, Sams, had never seen Mr. Cassius use drugs and that Mr. Cassius made his money from an escort service, neither of which were true.

Taped telephone conversations of co-conspirators regarding the witness tampering were properly admitted because they were made "during the course and

in furtherance of the conspiracy," and thus were not hearsay, Fed. R. Evid. 801(d)(2)(e), and because Ms. Thomas's plea agreement and Mr. Sams's testimony allowed the government to connect the conversations with the facts developed at trial.

The district court did not violate Mr. Cassius's equal protection rights by allowing the government to exercise a preemptory challenge against an African-American venire member. We agree with the district court that the government's racially neutral explanation for the challenge was credible and cogent and that Mr. Cassius had not shown pretext. R. Vol. XII at 191.

Finally, counsel identifies the reasonableness of the sentence as a possible issue. "Appellate courts review sentencing decisions first for procedural reasonableness, and then for substantive reasonableness." *United States v. Algarate-Valencia*, 550 F.3d 1238, 1242 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2172 (2009). "We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert. denied*, 129 S. Ct. 428 (2008). Mr. Cassius's sentence was procedurally reasonable. There is no indication that the district court incorrectly calculated the Guidelines sentence or that it considered the Guidelines to be mandatory. *See id.*; *see generally* R. Vol. IX (transcript of Aug. 5, 2008, sentencing hearing). Further, the court clearly applied the factors in 18 U.S.C. § 3553(a), did not rely on clearly erroneous facts, and adequately explained the sentence. *See Haley*,

529 F.3d at 1311. Because the sentence imposed is within the correctly calculated Guidelines range, it is presumed reasonable on appeal. *Id.* The sentence is also substantively reasonable "given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *See id.*

We GRANT counsel's request to withdraw and DISMISS this appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge