**UNITED STATES COURT OF APPEALS**   August 8, 2013

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

RAMON LAFAYETTE LAKE,

       Defendant - Appellant.

No. 13-7017
(D.C. No. 6:12-CR-00040-RAW-2)
(E.D. Oklahoma)

### ORDER AND JUDGMENT[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Ramon Lafayette Lake, was indicted along with his son, Landry Sean Lake, on one count of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846.

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Mr. Lake pled guilty on October 6, 2012, and was sentenced to 135 months' imprisonment.

Mr. Lake and his son were both addicted to opiates, including heroin. Landry Lake had been sending heroin by means of an interstate carrier from Arizona to Talihina, Oklahoma, where Mr. Lake lived and practiced dentistry. On March 22, 2013, Mr. Lake received a package containing a small amount of heroin for his own personal use. That same day, Mr. Lake had been in contact with a friend of Landry's (an individual known as "BW"), who was also a drug addict. BW came to Mr. Lake's house that evening, where Mr. Lake gave BW some of the heroin he had just received for his (BW's) own use. The next morning, BW was found dead in his home and the medical examiner determined that acute heroin toxicity was the cause of death.

The 135-month sentence Mr. Lake received was based, in part, on the assessment of a base offense level of thirty-eight under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), because, pursuant to USSG §2D1.1(a)(2), death had resulted from the use of the controlled substance.

Mr. Lake appealed his sentence, arguing that the district court had erred by denying his objection to the application of the "death enhancement" under USSG §2D1.1 and had further erred in refusing to grant his request for a downward variance from the advisory Guidelines range of 135-168 months. Following the filing of Mr. Lake's initial appellate brief, the United States Supreme Court

issued its decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). The Court in <u>Alleyne</u> held that any finding of fact which increases the legally allowed range of possible punishment "constitutes an element of a separate, aggravated offense that must be found by the jury." <u>Id.</u> at 2162.

The government has conceded that <u>Alleyne</u> applies to Mr. Lake's sentencing proceeding: "Similar to the 'brandishing' finding which increased the possible sentence in <u>Alleyne</u>, the district court here made a finding that the conspiracy to distribute heroin resulted in the death of an unindicted co-conspirator. The 'resulted in death' finding aggravated the range of punishment." Appellee's Br. at 2. That judicial finding violates the Sixth Amendment and requires a remand for a new sentencing hearing.

Accordingly, we remand this case for new sentencing proceedings, in accordance with <u>Alleyne</u>.

REVERSED and REMANDED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge