**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANDRY SEAN LAKE,

Defendant - Appellant.

No. 13-7040
(D.C. No. 6:12-CR-00040-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY**, and **PHILLIPS**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Landry Lake asks us to

vacate his sentence and to remand for re-sentencing. We have jurisdiction under

28 U.S.C. § 1291.

**I.**

Mr. Landry Lake pleaded guilty, without a plea agreement, to a single

charge of "conspiracy to possess with intent to distribute and [to] distribute

controlled substances" in violation of 21 U.S.C. § 846. Also named in the one-

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

count indictment was Ramon Lake, who is Landry Lake's father.[1]  Landry Lake was sentenced to 97 months' imprisonment, three years of supervised release, and payment of a special assessment of one hundred dollars.  Ramon Lake had previously been sentenced to a term of imprisonment of 135 months, which this court reversed.

The only drug quantity mentioned in either the indictment or the presentence report (PSR) was 5.27 grams.  The comparatively lengthy sentences handed down by the district court were not based on any findings regarding the amount of drugs involved.  Instead, in both men's cases the base offense level for the charged crime was determined under U.S.S.G. § 2D1.1(a)(2), which provides that for certain drug crimes, including the one charged against the two defendants in this case, the offense level is 38 if "the offense of conviction establishes that death or serious bodily injury resulted from the use" of the controlled substance involved.  This enhancement was based on the fact that a friend of Landry Lake had been found dead of an accidental overdose of heroin.  His body had been found within hours of Ramon Lake's receipt of a shipment of heroin from Landry Lake and the deceased man's subsequent visit to the home of Ramon Lake.

## II.

---

[1]Ramon Lake brought an appeal decided by a panel of this court last year, as discussed in the text, *infra*.  *United States v. Ramon Lafayette Lake*, 530 F. App'x 831 (10th Cir. 2013) (unpublished).

We review criminal sentences under a "deferential abuse of discretion standard." *United States v. Gall*, 552 U.S. 38, 51 (2007). This review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). Failing to properly calculate the sentencing range under the advisory Sentencing Guidelines is one type of procedural error. *Gall*, 552 U.S. at 51.

Landry Lake contends that the district court committed a procedural error by enhancing the offense level for his crime under the provisions of U.S.S.G. § 2D1.1(a)(2). In the earlier appeal of Ramon Lake, the government conceded that the district court had erred in increasing the offense level under that Guideline provision. A panel of this court accordingly reversed and remanded for re-sentencing of Ramon Lake. Landry Lake now asks us to rule similarly here.

Under the doctrine of the law of the case, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). Moreover, "when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue." *United States v. LaHue*, 261 F.3d 993, 1010 (10th Cir. 2001) (quoting *United States v. Aramony*, 166 F.3d 655, 661

-3-

(4th Cir. 1999)). We think it beyond question that the doctrine may apply against the government as well as against co-defendants.

We have, however, identified three "exceptionally narrow circumstances" in which we will not apply the law of the case: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Alvarez*, 142 F.3d at 1247.

We conclude that none of these exceptions are applicable here. The government in this appeal argues that its confession of error in the appeal of Ramon Lake was itself erroneous. Shortly before the United States filed its brief in the appeal of Ramon Lake, the Supreme Court had announced its decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). That case held that it was an infringement of Sixth Amendment rights for a defendant to be subjected to a higher, statutory *minimum* sentence than would otherwise have been applicable if the basis for the increase was not subject to a jury finding under the beyond a reasonable doubt standard.

In the appeal of Ramon Lake, the government conceded that *Alleyne* applied not just to findings which increased the statutory minimum sentence, but also to findings that increased a defendant's advisory guidelines sentencing

range.[2]  The government's current position, as we understand it, is that *Alleyne* is limited to mandatory minimum sentences prescribed by statute and does not apply to cases like the present case, nor should it have applied to that of Ramon Lake.

This is an issue that we will not reach.  As noted *supra*, we may decline to apply the law of the case doctrine if the previous decision was "manifestly erroneous *and* would work a manifest injustice."  *Alvarez*, 142 F.3d at 1247 (emphasis added).  Even if we were to assume, *arguendo*, that the holding of the panel in the appeal of Ramon Lake was manifestly erroneous (an assumption that we do not make because this panel is not free to overrule the holding of another panel), we could still see no manifest injustice in remanding Landry Lake's appeal for re-sentencing.

The government also argues that Landry Lake forfeited any challenge to the procedural reasonableness of his sentence.  But the law of the case argument was not available to Landry Lake when he was sentenced, as this court had not yet issued its ruling in Ramon Lake's appeal.  Therefore, applying the law of the case, we hold that the sentence imposed by the district court was procedurally unreasonable.

---

[2]Under that interpretation of *Alleyne*, Ramon Lake's sentence was viewed as invalid because, as described in the text *supra*, the offense level had been based on a finding that the crime involved the death of another person.  But the death of another person was not subject to a jury finding under the beyond a reasonable doubt standard.

Accordingly, the sentence of Landry Lake imposed by the district court is REVERSED, and this cause is REMANDED FOR RE-SENTENCING.

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge