**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMON LAFAYETTE LAKE,

Defendant - Appellant.

No. 14-7026
(D.C. No. 6:12-CR-00040-RAW-2)
(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and Appellant, Ramon Lafayette Lake, appeals his ninety-five month sentence imposed following his plea of guilty to one count of conspiracy to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846. We affirm.

## BACKGROUND

This is the second time Mr. Lake's appeal has been addressed by this court. Mr. Lake had been indicted along with his son, Landry Sean Lake. As our prior decision in this case stated, the basic facts relevant to this appeal are as follows:

> Mr. Lake and his son were both addicted to opiates, including heroin. Landry Lake had been sending heroin by means of an interstate carrier from Arizona to Talihina, Oklahoma, where Mr. Lake lived and practiced dentistry. On March 22, 2013, Mr. Lake received a package containing a small amount of heroin for his own personal use. That same day, Mr. Lake had been in contact with a friend of Landry's (an individual known as "BW"), who was also a drug addict. BW came to Mr. Lake's house that evening, where Mr. Lake gave BW some of the heroin he had just received for his (BW's) own use. The next morning, BW was found dead in his home and the medical examiner determined that acute heroin toxicity was the cause of death.

United States v. Lake, 530 Fed. Appx. 831, 831-32 (10th Cir. 2013) (unpublished).

Mr. Lake was originally sentenced to 135 months' imprisonment, based in part on the assessment of a base offense level of thirty-eight under the advisory United States Sentencing Commission, Guidelines Manual ("USSG") because, pursuant to USSG § 2D1.1(a)(2), death (BW's) had resulted from the use of the controlled substance. Mr. Lake appealed that sentence, arguing that the district court had erred by denying his objection to the application of the "death

enhancement" under USSG § 2D1.1, and had further erred in refusing to grant his request for a downward variance from the advisory Guidelines range of 135-168 months.

Following the filing of Mr. Lake's initial appellate brief, the United States Supreme Court issued its decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). The Court in Alleyne held that any finding of fact which increases the legally allowed range of possible punishment "constitutes an element of a separate aggravated offense that must be found by the jury." Id. at 2162. The government conceded (erroneously, as it later averred) that Alleyne applied to Mr. Lake's sentencing proceeding. Our court reversed the sentence and remanded for resentencing.

Mr. Lake's son, Landry, also appealed his ninety-seven month sentence. In its response brief to that appeal, the government stated that its concession of error in Mr. Lake's appeal was misguided, and that neither sentencing proceeding in Mr. Lake or his son's appeal contravened the rule announced in Alleyne, which applies to statutory mandatory minimum sentences rather than the advisory Guideline sentencing calculation involved in the Lake sentences. Concluding that Landry Lake's appeal was governed by law of the case, our court reversed and remanded that matter for resentencing. Landry Lake was sentenced to fifty-nine months' imprisonment on resentencing, which he has appealed.

On remanded resentencing in this (Mr. Lake's) case, the district court scheduled a sentencing hearing, and Mr. Lake filed a motion for a variance in preparation for those proceedings. He made multiple arguments for a lesser sentence and argued that a new presentence report ("PSR") needed to be prepared, which did not reflect the "resulting in death" enhancement under USSG § 2D1.1(a)(2). The government disagreed, arguing that a new PSR was not required, and that the "resulting in death" enhancement still applied and that BW's death, even if accidental, was a foreseeable result of Mr. Lake's provision of heroin to BW.

The district court ultimately ordered a new PSR, which calculated a base offense level of 14, based on the drug quantity involved, and which did not include a death enhancement. With a reduction for acceptance of responsibility, Mr. Lake's total offense level was 12, which, with a Criminal history category of I, yielded an advisory Guideline range of ten to sixteen months.

The government sought an upward departure based on USSG § 5K2.1 (permitting an upward departure because a death resulted), or, alternatively, an upward variance based on the 18 U.S.C. § 3553(a) factors, to the statutory maximum of twenty years. The government argued that the advisory sentencing range of ten to sixteen months did not reflect the severity of the fact that BW died as a result of Mr. Lake's distribution of heroin. This was particularly so, the government argued, because Mr. Lake continued to arrange for shipments of

heroin even after BW's death. The government subsequently withdrew that motion, and sought an upward variance to a sentence similar to the one originally imposed.

Resentencing took place on April 3, 2014. After noting that a reduction was again warranted for Mr. Lake's substantial assistance to authorities under USSG § 5K1.1, the court stated that the recommended Guideline sentencing range was six to twelve months. The court then heard argument from both parties, during which numerous aggravating and mitigating sentencing factors were discussed. These included the severe consequences of Mr. Lake's offense of conviction (BW's death, even if accidental); BW's use of other substances besides the heroin Mr. Lake had given him; the illegality of heroin and its inherent dangerousness; the foreseeability of harm from the use of heroin; the relationship of Mr. Lake and BW (Mr. Lake was "something like a father figure" to BW); Mr. Lake's medical history of problems stemming from primary sensory peripheral neuropathy and high blood pressure; and his criminal history (he had a criminal history score of zero). The court concluded that "[a]n upward sentencing variance is warranted in this case." R. Vol. 2 at 35. The court further explained:

> Defendant is a long-time heroin addict who provided heroin to another individual who he also knew to be a heroin user. The individual's use of the drugs provided by this defendant resulted in and contributed to his death. The death of this acquaintance, an active investigation . . . being underway, and this defendant's observation of the possible negative consequences of heroin use did not produce any notable changes in his criminal behavior. As

-5-

detailed in the presentence report, subsequent to the death of [BW], this defendant continued to participate in this illegal behavior and receive heroin from his son and co-conspirator, Landry Lake.  By continuing to participate in the illegal behavior, the defendant established that he does pose a risk to the public and that an adequate sentence of imprisonment is needed in this case to protect the public from further crimes of this defendant, to provide just punishment.

This Court finds that any sentence imposed in accordance with the calculated guideline range would fail to reflect the seriousness of the offense, and it would not promote a respect for the law, and would fail to provide just punishment for the offense.

Id. at 35-36.  The court accordingly sentenced Mr. Lake to ninety-five months.

As the court further explained:

In formulating the sentence imposed, this Court has considered the nature and circumstances of the offense, as well as the characteristics and criminal history of the defendant.  The Court has further taken into consideration the sentencing guideline calculations contained within the presentence report, in addition to any objections, clarifications, additions, or deletions to those guideline calculations identified in the addendum to the report or announced in open court today.  While the Court recognizes that it is not bound by the sentencing guideline calculations, the Court has considered them and finds them to be advisory in nature.

The Court has chosen to vary upward when imposing a sentence for this defendant in order to meet the objectives set forth in [18 U.S.C. § 3553(a)].  The sentence prescribed by this Court reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant, and provides correctional treatment for the defendant in the most effective manner.  The Court notes for the record that this is the same sentence the Court would impose if given the broadest possible discretion, and the same sentence the Court would impose notwithstanding any judicial fact finding occurring by adoption of the presentence report or at this hearing.

Id. at 39-40.  This appeal followed.

## DISCUSSION

Mr. Lake argues that the district court committed "procedural error" and "substantive error" by "imposing an unreasonable sentence of ninety-five months based on an upward variance."  Appellant's Br. at 2.

We review all sentencing decisions for abuse of discretion.  United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008).  Our review proceeds in two steps.  First, we consider whether the district court committed procedural error.  United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011).  Procedural error "relates to the method by which the sentence is calculated."  Id.  (further quotation omitted).  The Supreme Court has recognized at least five types of procedural error: (1) improper calculation of the Guidelines range; (2) adherence to the Guidelines as if they are mandatory; (3) failure to consider the 18 U.S.C. § 3553(a) sentencing factors; (4) basing a sentence on clearly erroneous facts; and (5) failure to adequately explain the sentence.  See id. (citing Gall v. United States, 552 U.S. 38, 50-51 (2007)).

Substantive reasonableness "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007).  We review for an abuse of discretion.  Where there is a variance, the

appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

Mr. Lake argues the district court committed procedural error in imposing his sentence because it "did not consider all the § 3553(a) factors including material, non-frivolous arguments raised by Mr. Lake in mitigation and did not adequately explain the chosen sentence." Appellant's Br. at 10. More specifically, Mr. Lake claims the court:

> did not address Mr. Lake's arguments that there were factors under § 3553(a) that mitigated against an upward variance or the extent of any deviation, including the facts that Mr. Lake was not a drug dealer, had distributed only once to the deceased, had not distributed to anyone after the death, had no prior criminal history, and was 62 and had serious physical health issues, that the death was not planned but was accidental, that Mr. Lake had a history of community service, and that the deceased was a polysubstance abuser.

Id. at 11-12.

Because Mr. Lake did not object to the procedure by which the district court determined his sentence, we may review it only for plain error. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (holding that where a defendant "does not object to the procedure by which his sentence was determined and explained, we may reverse the district court's judgment only in

the presence of plain error."). Plain error is "(1) error, (2) that is plain, (3) which affects the defendant's substantial rights and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007); see also United States v. Poe, 556 F.3d 1113, 1128 (10th Cir. 2009). This standard "presents a heavy burden for an appellant, one which is not often satisfied." Romero, 491 F.3d at 1178; see also United States v. Crowe, 735 F.3d 1229, 1242 (10th Cir. 2013).

Mr. Lake claims the district court failed to consider all the relevant sentencing factors and ignored those favoring a lower sentence. We have stated that a district court "must state its reasons for imposing a given sentence," but it "is not obligated to expressly weigh on the record each of the factors set out in § 3553(a)." United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006). Nor is the court required to "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." Id. We recognize, however, that an appellate court will not "simply presume the district court weighed a party's argument in light of the § 3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." Id. (further citations omitted).

In this case, the district court adequately explained the sentence imposed and why a variance was required. As the excerpts quoted above indicate, the

district court explained its reasons, and it clearly indicated that it had considered the § 3553(a) sentencing factors. We perceive no plain error at all in this case.

We next consider Mr. Lake's argument that his sentence is substantively unreasonable. We give substantial deference to the district court's analysis of the sentencing factors:

> The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. . . . The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the . . . appeals court. . . . Moreover, the district courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.

Gall, 552 U.S. at 51-52; see also United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." (further quotation omitted)). "We reverse only when the district court 'renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable.'" United States v. Martinez, 610 F.3d 1216, 1227 (10th Cir. 2010) (quoting United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009)).

We have carefully reviewed the entire record in this case. It is clear that the district court considered all the relevant sentencing factors and demonstrated a clear familiarity with all of the facts and circumstances surrounding Mr. Lake's offense and his overall situation. We cannot say that the sentence imposed is arbitrary, capricious, whimsical or manifestly unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge