**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LANDRY SEAN LAKE,

    Defendant-Appellant.

No. 14-7060

(D.C. No. 6:12-CR-00040-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **GORSUCH** and **McHUGH**, Circuit Judges.

Landry Sean Lake pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846. There was no plea agreement. The district court originally sentenced Lake to 97 months' imprisonment. Lake appealed his sentence, which we reversed. United States v. Lake (Landry Lake I), 556 F. App'x 706 (10th Cir. 2014) (unpublished). After a new sentencing hearing on remand, the district court sentenced Lake to 59 months' imprisonment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lake again appeals his sentence, arguing that it is both procedurally and substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I

Landry Lake and his father and co-defendant, Ramon Lake, were both addicted to opiates, including heroin. Landry lived in Arizona but had been sending heroin to Ramon in Oklahoma, where Ramon lived and practiced dentistry. Ramon received one of these packages from Landry on March 22, 2011.[1] A friend of Landry's visited Ramon's house that evening. Ramon gave Landry's friend some of the heroin that Landry had sent to him. The next day, Landry's friend was found dead from acute heroin toxicity.

On June 12, 2012, Landry Lake and Ramon Lake were indicted. The indictment charged them with one conspiracy count, alleging that the object of the conspiracy was "[t]o knowingly and intentionally distribute and possess with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)." ROA Vol. I, at 14.

Both Landry and Ramon pleaded guilty. Landry was originally sentenced to 97 months' imprisonment. Landry Lake I, 556 F. App'x at 707. Ramon was

---

[1] We note that in two previous orders we mistakenly stated that this event occurred on March 22, 2013. See United States v. Lake, 581 F. App'x 715, 716-17 (10th Cir. 2014) (unpublished); United States v. Lake, 530 F. App'x 831, 831 (10th Cir. 2013) (unpublished). March 22, 2011, is the correct date.

2

originally sentenced to 135 months' imprisonment. United States v. Lake (Ramon Lake I), 530 F. App'x 831, 832 (10th Cir. 2013) (unpublished). In Landry's first appeal, we explained:

> The comparatively lengthy sentences handed down by the district court were not based on any findings regarding the amount of drugs involved. Instead, in both men's cases the base offense level for the charged crime was determined under U.S.S.G. § 2D1.1(a)(2), which provides that for certain drug crimes, including the one charged against the two defendants in this case, the offense level is 38 if "the offense of conviction establishes that death or serious bodily injury resulted from the use" of the controlled substance involved.

Landry Lake I, 556 F. App'x at 707 (quoting U.S.S.G. § 2D1.1(a)(2)). Both defendants appealed their sentences.

After Ramon had filed his appellate brief but before that appeal was decided, the Supreme Court decided Alleyne v. United States, 133 S. Ct. 2151 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the offense that must be found beyond a reasonable doubt by the jury. Id. at 2155. The government interpreted Alleyne to apply not only to facts that increased a statutory minimum sentence, but also to facts that increased a recommended sentence under the guidelines. Ramon Lake I, 530 F. App'x at 832. The government therefore conceded that Ramon was entitled to a new sentencing because the district court had applied the death enhancement, U.S.S.G. § 2D1.1(a)(2), based on a judicial finding that the heroin distribution in question had resulted in death. Ramon Lake I, 530 F. App'x at 832. Based on

3

this concession, we reversed Ramon's sentence and remanded for new sentencing proceedings.  Id.

Meanwhile, the government concluded its interpretation of <u>Alleyne</u> in Ramon's case was in error, and that it had conceded more than it should have.  So in Landry's first appeal, the government changed its position and argued that "<u>Alleyne</u> is limited to mandatory minimum sentences prescribed by statute and does not apply to cases like [Landry Lake's], nor should it have applied to that of Ramon Lake."  <u>Landry Lake I</u>, 556 F. App'x at 708.  Without addressing the merits of the <u>Alleyne</u> issue,[2] we applied the law of the case doctrine, reversed Landry's sentence, and remanded for resentencing.  Id. at 708-09.

Landry was resentenced in July 2014.  The parties agree that the district court correctly calculated Landry's guideline range to be 0 to 6 months, based on an offense level of 7 and a criminal history category of I.  However, the court varied upward, imposing a sentence of 59 months' imprisonment.  The court explained Landry's sentence as follows:

> The sentence imposed should reflect the seriousness of the offense, promote respect for the law, and to [sic] provide just punishment for the offense. . . .  This court finds that any sentence imposed within [the guideline range] would not be consistent with fulfilling the purposes of sentencing set forth in . . . Section 3553(a).  An upward sentencing variance is warranted in this case.  The defendant is a

---

[2] We have since held that <u>Alleyne</u> applies only to facts that increase the mandatory minimum sentence required by statute, and not to enhancements that increase only the advisory range under the Sentencing Guidelines.  <u>See</u> <u>United States v. Cassius</u>, 777 F.3d 1093, 1097-98 (10th Cir. 2015).

4

long time heroin addict who shipped heroin to his father, who he also knew to be a heroin user. The defendant's father provided some of the heroin to [Landry's friend]. [Landry's friend's] use of the drugs, which were originally shipped by the defendant, resulted in or at least contributed to his death. The death of this acquaintance, an active investigation being underway and this defendant's observation of the possible negative consequences of heroin use did not produce any notable change of his criminal behavior. . . . [T]his defendant continued to ship heroin to his father and co-conspirator, Ramon Lake. By continuing to participate in this illegal behavior, the defendant established that he does pose a risk to the public and that an adequate sentence of imprisonment is needed in this case to protect the public from further crimes . . . .

ROA Vol. II, at 108-09. The court further explained:

In formulating the sentence imposed, this Court has considered the nature and circumstances of the offense as well as the characteristics and criminal history of the defendant. . . . The sentence prescribed by this court reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant and provides correctional treatment for the defendant in the most effective manner.

Id. at 113-14. Finally, the court found that the sentence was "reasonable and sufficient but not greater than necessary to meet the objectives set forth in . . . Section 3553(a)." Id. at 114.

This appeal followed.

## II

When reviewing a sentence, we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). Landry argues that his sentence was both procedurally and substantively unreasonable. Procedural

5

review addresses the "method by which a sentence was calculated." United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). Substantive review addresses "the length of the resulting sentence." Id.

1. *Procedural Reasonableness*

Landry argues that the district court failed to adequately explain its decision to impose a sentence more severe than the recommended one, which is required by 18 U.S.C. § 3553(c). "Failure to provide proper explanation for the chosen sentence is reversible procedural error." United States v. Peña-Hermosillo, 522 F.3d 1108, 1112 (10th Cir. 2008). However, the district court's duty to explain its sentence is not onerous. While the district court's explanation must satisfy us that the court "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority," Rita v. United States, 551 U.S. 338, 356 (2007), the court has no duty "to expressly weigh on the record each of the factors set out in § 3553(a)," United States v. Sanchez-Juarez, 446 F.3d 1109, 1116 (10th Cir. 2006) (internal quotation marks omitted).

In the present case, the district court adequately explained Landry's 59-month sentence. The court offered several specific factors that it concluded warranted an upward variance. Most importantly, the court found that Landry's distribution of heroin resulted in the death of one of his friends. The court also found that Landry had continued to send heroin to his father even after his friend

6

overdosed, which the court considered a sign of Landry's dangerousness to the public. And the court adequately linked these facts to the § 3553(a) factors, stating that the variance was necessary to "protect the public from further crimes of the defendant." ROA Vol. II, at 109; see also 18 U.S.C. § 3553(a)(2)(C) (noting the need for the sentence imposed "to protect the public from further crimes of the defendant"). Finally, the district court later recited the § 3553(a) factors and concluded that its sentence comported with those factors. We therefore conclude that the district court did not abuse its discretion with respect to its explanation of Landry's sentence.

2. *Substantive Reasonableness*

"A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence," in light of all the circumstances. United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011). Under § 3553(a), the sentencing court should consider "the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam); see also Gall, 552 U.S. at 50 n.6. "In many cases there will be a range of possible outcomes [that] the facts and law at issue can fairly support; rather than pick and

7

choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011) (quotations and alterations omitted).

For sentences that fall within the recommended guidelines range, we apply a presumption of reasonableness. Kristl, 437 F.3d at 1054. However, Landry's sentence was outside the properly calculated guidelines range, so we do not apply the presumption. See id.

Landry's argument that his 59-month sentence is substantively unreasonable focuses on the evidence he presented to the district court regarding his post-offense rehabilitation. Landry presented evidence that he had completed an inpatient substance abuse program, and that during the course of that treatment, he secured a job and was a successful employee. Landry argues that "based on [his] history and characteristics, his post offense rehabilitation, his conduct while being incarcerated, and his potential to become a valuable member of society, the sentence in this case cannot be found reasonable." Aplt. Br. at 12. But the district court was free to give these considerations less weight than the considerations that supported a more severe sentence. United States v. Sanchez-Leon, 764 F.3d 1248, 1267-68 (10th Cir. 2014).

Finally, we note that Landry's 59-month sentence is substantially more lenient than the 97-month sentence originally imposed by the district court. It is

also more lenient than his father's 95-month sentence, which we affirmed. United States v. Lake (Ramon Lake II), 581 F. App'x 715, 720-21 (10th Cir. 2014) (unpublished).

When considered in context and on the record presented, the district court did not "exceed[] the bounds of permissible choice" in imposing a 59-month sentence. United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted).

## III

Because we conclude that Landry Lake's 59-month sentence was neither procedurally nor substantively unreasonable, we AFFIRM.

Entered for the Court


Mary Beck Briscoe
Chief Judge

9