**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALLEN WESLEY GOOSSEN, a/k/a Allen
Wesley Goosen,

    Defendant-Appellant.

No. 16-2252
(D.C. No. 1:16-CR-00857-MCA-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

Defendant-Appellant Allen Goossen pled guilty to distribution of heroin

(Count 1) and possession with intent to distribute heroin (Count 2) in violation of 21

U.S.C. § 841(b)(1)(C) and was sentenced to 90 months' imprisonment and three

years' supervised release on each count, to run concurrently.  1 R. 156–59.  He

appeals from the district court's upward variance from the Sentencing Guidelines

range, arguing that his sentence violates the Fifth and Sixth Amendments and that it

is procedurally and substantively unreasonable.  We have jurisdiction under 18

U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Mr. Goossen sold heroin to an undercover police officer on December 17, 2014, and he possessed heroin packaged for distribution when he was arrested on January 5, 2015.  2 R. 12–13.  At sentencing, the district court found (based on an earlier evidentiary hearing) that Mr. Goossen injected a friend with heroin on November 30, 2013, which caused his friend's death.[1]  Sentencing Tr. at 13, United States v. Goossen, No. 1:16-cr-00857-MCA-1 (D.N.M. Oct. 31, 2016), ECF No. 65. The district court determined that Mr. Goossen's total offense level under the guidelines was 12 and that his criminal history was II, resulting in a guideline range of 12 to 18 months' imprisonment.  Id. at 22–23.

The district court then decided, pursuant to 18 U.S.C. § 3553(a), to vary upward from the guideline range.  Id. at 49.  Specifically, the court explained that the guideline range inadequately satisfied the need for the sentence imposed "to afford adequate deterrence to criminal conduct" under § 3553(a)(2)(B) and "to protect the public from further crimes of the defendant" under § 3553(a)(2)(C).  Id. at 49–50. For support, the district court relied on the following factual findings: (1) Mr. Goossen injected his friend with heroin approximately 13 months prior to the instant offenses, (2) the injection led directly to his friend's death, (3) heroin is the same narcotic as the instant offenses, and (4) Mr. Goossen continued to distribute heroin

---

[1] Mr. Goossen later pled guilty to trafficking of a controlled substance (resulting in death) in New Mexico state court for the role he played in his friend's death.  State v. Goossen, No. D-1116-CR-201500512-1 (N.M. Dist. Ct. Feb. 13, 2017).

(as evidenced by the instant offenses) even after his friend's death. Id. at 50. The court found that those circumstances warranted an upward variance of 15 levels, raising Mr. Goossen's total offense level to 27 and the guideline range to 78 to 97 months' imprisonment. Id. at 50–51. It then sentenced Mr. Goossen to 90 months' imprisonment on each count, to run concurrently. Id. at 51. The statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is 240 months.

**Discussion**

Mr. Goossen challenges his sentence on Fifth and Sixth Amendment grounds and also argues that it is procedurally and substantively unreasonable. The constitutionality of a sentence is reviewed de novo, United States v. Wilfong, 475 F.3d 1214, 1217 (10th Cir. 2007), and the reasonableness of a sentence is reviewed for abuse of discretion, United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Huckins, 529 F.3d at 1317 (quoting United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)).

A.      Mr. Goossen's Sentence Does Not Violate the Fifth or Sixth Amendments

A district court may, constitutionally, find facts that lead to a sentence falling within the statutory punishment ranges for a crime. E.g., United States v. Redcorn, 528 F.3d 727, 746 (10th Cir. 2008). Here, the district court did not violate Mr. Goossen's constitutional rights when it considered uncharged conduct in imposing its sentence, because the uncharged conduct did not subject Mr. Goossen to a mandatory

3

minimum sentence or a sentence beyond the statutory maximum for his crime. See

United States v. Zar, 790 F.3d 1036, 1054–55 (10th Cir. 2015).

Mr. Goossen relies primarily on United States v. Allen, 488 F.3d 1244 (10th

Cir. 2007), to support his claim that the district court's upward variance based on

uncharged conduct is unconstitutional. The question posed in Allen, however, was

not whether consideration of the defendant's conduct was improper; rather, it was

"whether the weight given to those actions was excessive." 488 F.3d at 1259. That

is, Allen was decided on substantive reasonableness grounds, not constitutional

grounds. Id. at 1252. Moreover, Allen is distinguishable from the instant case. In

Allen, the upward variance was unreasonable because it was based on uncharged

conduct (attempted sexual abuse of a child or solicitation of murder) that was

unrelated to the offense of conviction (methamphetamine distribution). Id. at 1259–

60. In this case, Mr. Goossen's uncharged conduct (heroin distribution resulting in

death) is much more closely related to the offenses to which he pled guilty (heroin

distribution).

Additionally, the Allen court did not question the reasonableness of

considering the defendant's uncharged conduct in imposing a sentence. Id. at 1259

("It might well have been reasonable for the district court to consider Mr. Allen's

uncharged conduct . . . ."). It took issue instead with the district court's use of the

guideline range for the uncharged conduct as the proper measure of the variance,

finding that this amounted to "sentenc[ing] a defendant for an entirely different, and

far more serious, crime." Id. at 1260. Here, however, the district court did not vary

4

upward based on the sentence that would have been imposed had Mr. Goossen been convicted for causing his friend's death. Instead, it varied upward because Mr. Goossen's uncharged conduct affected the adequacy of the guideline-suggested sentence for his <u>charged</u> conduct. Specifically, the fact that Mr. Goossen continued to distribute heroin after causing his friend's death demonstrated that Mr. Goossen would not be adequately deterred, and the public not adequately protected, by the same sentence that would be appropriate in a mine-run heroin distribution case. Consequently, the upward variance here differs significantly from the one in <u>Allen</u>, where the sentence imposed was essentially the same as if the defendant had actually been convicted of his uncharged conduct.

Mr. Goossen also cites <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), for support. But <u>Alleyne</u> concerned judicial factfinding that increased a defendant's mandatory minimum sentence; it does not apply here, where the district court did not find any facts that altered the defendant's statutory sentencing range. <u>See</u> <u>United States v. Cassius</u>, 777 F.3d 1093, 1097 (10th Cir. 2015). Mr. Goossen's only other support for his constitutional argument comes from <u>Jones v. United States</u>, 135 S. Ct. 8 (2014) (Scalia, J., dissenting from denial of certiorari), where Justice Scalia argued that "any fact necessary to prevent a sentence from being substantively unreasonable" must be admitted by the defendant or found by a jury. 135 S. Ct. at 8. That, however, is not the law in this circuit. <u>See</u> <u>Redcorn</u>, 528 F.3d at 745–46. Accordingly, we reject Mr. Goossen's challenge to the constitutionality of his sentence.

5

B.      Mr. Goossen's Sentence Is Procedurally Reasonable

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." Huckins, 529 F.3d at 1317. Here, Mr. Goossen contends that the district court failed to adequately explain its sentence. "Regarding the district court's duty 'to adequately explain the chosen sentence,' '[t]he sentencing judge should set forth enough to satisfy the appellate court that he [or she] has considered the parties' arguments and has a reasoned basis for exercising his [or her] own legal decisionmaking authority.'" United States v. Sanchez-Leon, 764 F.3d 1248, 1262 (10th Cir. 2014) (alterations in original) (citation omitted) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

As an initial matter, it is unclear whether Mr. Goossen properly raised this objection at the sentencing hearing. While Mr. Goossen objected to the sentence as "procedurally and substantively unreasonable," his argument focused on the magnitude of the variance and the propriety of considering uncharged conduct, not on the adequacy of the district court's explanation. See Sentencing Tr. at 56–59.

Regardless, we are satisfied that the district court considered the parties' arguments and adequately explained its sentence. The parties extensively briefed the issue of whether and how the district court should consider Mr. Goossen's role in his friend's death, and Mr. Goossen's objections at the sentencing hearing consisted of arguments that had been briefed. See 1 R. 36–131. The district court heard oral

6

argument on the issue twice: once at an evidentiary hearing prior to sentencing, 3 R. 91–180, and again at the sentencing hearing itself. And the district court explained its reasons for varying upward from the guideline range, citing with particularity two § 3553(a) factors and reiterating the factual findings that warranted the variance. Given the circumstances, it cannot be said that the district court's sentence was arbitrary, capricious, whimsical, or manifestly unreasonable. We find that the sentence was procedurally reasonable and not an abuse of discretion.

C.      Mr. Goossen's Sentence Is Substantively Reasonable

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007). "In reviewing a district court's decision to deviate from the Guidelines, we 'consider the extent of the deviation' but give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Huckins, 529 F.3d at 1317 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). A district court must give a "specific reason" for varying from the guidelines. Id. (quoting 18 U.S.C. § 3553(c)(2)). That is, it "must give serious consideration to the extent of any departure from the Guidelines and must explain [its] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 552 U.S. at 46. The greater the variance from the applicable guideline range, "the more compelling the reasons for the divergence

7

must be." Allen, 488 F.3d at 1253 (quoting United States v. Valtierra-Rojas, 468 F.3d 1235, 1239 (10th Cir. 2006)).

Mr. Goossen argues that the § 3553(a) factors addressed by the district court — affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant — do not justify the extent of the upward variance. He contends that he does not pose "any greater danger to the public than any other person convicted of heroin trafficking" because "[e]very heroin dealer knows that death may result from heroin usage." Aplt. Br. at 30–31. This court rejected a similar argument in United States v. Valtierra-Rojas, 468 F.3d 1235 (10th Cir. 2006). There, a defendant convicted of illegal reentry challenged the reasonableness of considering, during sentencing, his propensity to reenter the United States, claiming that "everyone convicted of illegal reentry has the propensity to return to the United States and would therefore be vulnerable to an increased sentence for that reason alone." 468 F.3d at 1241. This court found that the defendant's reentry a mere four months after being deported demonstrated a greater propensity to reenter and that the defendant was "deserving of a somewhat greater punishment than, say, a defendant whose only return comes years after his deportation." Id. Similarly, the district court here found that because Mr. Goossen caused his friend's death and continued distributing heroin afterward, he posed a greater danger to the public than the mine-run heroin distribution defendant and additional deterrence was necessary.

Even if "this court could conclude a different sentence was reasonable, we cannot exercise the discretion of the district court and 'decide de novo whether the

8

justification for a variance is sufficient or the sentence reasonable.'" Huckins, 529 F.3d at 1320 (emphasis omitted) (quoting Gall, 552 U.S. at 59). Giving due deference to the district court's decision that the § 3553(a) factors justify the extent of the variance, we find that the sentence was substantively reasonable and not an abuse of discretion.

Finally, while it is not precedential, we note that the court faced a nearly identical challenge to the reasonableness of a sentence in United States v. Lake, 581 F. App'x 715 (10th Cir. 2014). In Lake, the defendant pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances (heroin). 581 F. App'x at 716. Like Mr. Goossen, the defendant in Lake had also given heroin to an acquaintance, causing the acquaintance's death. See id. at 717. Varying upward from a guideline range of 6 to 12 months' imprisonment, the district court sentenced the defendant to 95 months' imprisonment because the defendant had continued his illegal behavior after he had given heroin to (and caused the death of) the acquaintance. Id. at 718. The district court in Lake cited the § 3553(a) factors in support of its variance, noting in particular that "this defendant's observation of the possible negative consequences of heroin use did not produce any notable changes in his criminal behavior" and that "the defendant established that he does pose a risk to the public and that an adequate sentence of imprisonment is needed in this case to protect the public from further crimes of this defendant." Id.

On appeal, this court found that the sentence was both procedurally and substantively reasonable because "the district court adequately explained the

9

sentence imposed and why a variance was required," "the district court explained its reasons, and it clearly indicated that it had considered the § 3553(a) sentencing factors," and "the district court considered all the relevant sentencing factors and demonstrated a clear familiarity with all of the facts and circumstances surrounding Mr. Lake's offense and his overall situation." Id. at 720–21. Here, the district court — facing remarkably similar circumstances — provided a nearly identical explanation for issuing a variance of a slightly smaller magnitude. Though we are not obligated to follow Lake, we find its reasoning persuasive.

The government's unopposed motion to supplement the record on appeal with the judgment and sentence from the New Mexico state criminal case against Mr. Goossen, State v. Goossen, No. D-1116-CR-201500512-1 (N.M. Dist. Ct. Feb. 13, 2017), is GRANTED.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge