**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4269**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JAMAL ANTWON HOLDER,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger  W.  Titus,  District  Judge.
(8:12-cr-00063-RWT-1)

_____

Submitted:  December 19, 2013      Decided:  January 8, 2014

_____

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Rockville,
Maryland, for Appellant. William Moomau, OFFICE OF THE UNITED
STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Antwon Holder appeals from his convictions and 125-month sentence entered pursuant to his guilty plea to three counts of possession of a firearm by a convicted felon. On appeal, counsel has filed an Anders[1] brief, stating that there are no meritorious issues for appeal but questioning the constitutionality and reasonableness of Holder's sentence. The Government has declined to file a brief. Holder filed a pro se supplemental brief, averring that Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), rendered his sentencing enhancement improper. We affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51). If we find the sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence, considering "the totality of the

_____

[1] Anders v. California, 386 U.S. 738 (1967).

2

circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A within Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court properly calculated Holder's Guidelines range based on his relevant conduct and criminal history and explained the sentence in light of the § 3553(a) factors in great detail, we conclude that Holder's sentence is procedurally reasonable. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that district court must conduct individualized assessment based on particular facts of each case). Further, the sentence, which is within the Guidelines range,[2] is also substantively reasonable because Holder provides no information on appeal to rebut the presumption of reasonableness.

_____

[2] Counsel states on appeal that the sentence was below the Guidelines range. Counsel is mistaken. After a departure, Holder's Guidelines range was 100 to 125 months in prison.

In his pro se brief, Holder contends that, under Alleyne, his sentence was improperly enhanced under the Guidelines for trafficking firearms when he was not charged with and did not plead guilty to trafficking. In Alleyne, the Supreme Court decided that the Sixth Amendment and the Fifth Amendment's Due Process Clause require a jury to determine any fact that increases the mandatory minimum punishment for an offense. 133 S. Ct. at 2162-63. However, although judicially determined facts are no longer relevant after Alleyne to deciding the applicable mandatory minimum, the factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province. See United States v. Claybrooks, 729 F.3d 699, 708 (7th Cir. 2013); United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant"). As Alleyne had no effect on Guidelines enhancements, Holder's claim is without merit.

In accordance with Anders, we have examined the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Holder's convictions and sentence. This court requires that counsel inform Holder in writing of his right to petition the Supreme Court of the United

4

States for further review.  If Holder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Holder.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED