**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TIMOTHY G. CASSIUS, a/k/a "Cash," a/k/a "Almighty Dollar," a/k/a "AD,"

     Defendant-Appellant.

No. 13-1367

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:06-CR-00270-REB-1)**

---

John M. Tanski, Axinn, Veltrop & Harkrider LLP, Hartford, CT, for Defendant-Appellant.

Michael C. Johnson, Assistant United States Attorney (John F. Walsh, United States Attorney, with him on the brief), Denver, CO, for Plaintiff-Appellee.

---

Before **LUCERO**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

For this appeal, we must decide whether Alleyne v. United States, 133 S. Ct. 2151 (2013), allows a district court to enhance a criminal defendant's Sentencing Guidelines range for a 21 U.S.C. § 841 conviction based on a judicial drug quantity

finding greater than what the jury found at trial. We hold that, so long as the court does not use its own drug quantity finding to alter the defendant's *statutory* sentencing range, such an enhancement is entirely consistent with Alleyne. Here, nothing indicates the trial court altered Defendant Timothy Cassius's statutory sentencing range in any way, so the court did not contravene Alleyne. Thus, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I.

To best understand Alleyne, one must go back at least to McMillan v. Pennsylvania, 477 U.S. 79 (1986). There, the Supreme Court first attempted to distinguish the "elements" of a crime, which must be found by a jury beyond a reasonable doubt, from mere "sentencing factor[s]," which are "facts that are not found by a jury but that can still increase the defendant's punishment." Alleyne, 133 S.Ct. at 2156–57 (quoting McMillan, 477 U.S. at 86). In McMillan, the Court held that a fact was not an element just because it created or increased a mandatory minimum sentence. McMillan, 477 U.S. at 80–93. As such, Pennsylvania did not violate the Constitution when it imposed mandatory minimum sentences based on trial courts finding, by a mere preponderance of the evidence, that various defendants "visibly possessed a firearm" while committing certain felonies. Id.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), however, the Supreme Court held that any factual determination increasing a defendant's *maximum* statutory sentence *is* an element that must be proved to a jury beyond a reasonable doubt. Id.

2

at 490.  Applying this principle, the Court struck down a New Jersey statutory scheme by which a defendant's maximum allowable sentence for unlawfully possessing a firearm jumped from 10 years to 20 years when the trial court found—again, by a mere preponderance of the evidence—that the crime was a "hate crime."  See id. at 469–70, 497.

Two years later, a sharply divided Court stressed, in line with McMillan, that Apprendi did not apply to mandatory minimum sentences.  Compare Harris v. United States, 536 U.S. 545, 568–69 (2002) (explicitly reaffirming McMillan, 477 U.S. 79), with id. at 572–73 (Thomas, J., dissenting) ("The Court's holding today . . . rests on either a misunderstanding or a rejection of the very principles that animated Apprendi just two years ago. . . .  I would reaffirm Apprendi[ and] overrule McMillan . . . .").  Specifically, the Court upheld a federal statute that allowed a district court to increase a defendant's mandatory minimum sentence for using or carrying a firearm in relation to a drug trafficking crime from 5 years to 7 years because the judge found by a preponderance of the evidence that he had also "brandished" the weapon.  Id. at 568–69 (citing 18 U.S.C. § 924(c)(1)(A)).  "Basing a 2-year increase in the defendant's minimum sentence on a judicial finding of brandishing," the Court wrote, "does not evade the requirements of the Fifth and Sixth Amendments."  Id. at 568.

Over a decade passed, and then the Supreme Court granted certiorari to a defendant who—like the Harris defendant—was convicted under 18 U.S.C.

3

§ 924(c)(1)(A).  See Alleyne, 133 S. Ct. at 2155.  More precisely, a jury found this defendant guilty of using or carrying "a firearm during and in relation to a crime of violence," but did not find he had "brandished" the weapon, which would have triggered the mandatory seven-year minimum.  Id. at 2156.  Regardless, the district court found by a preponderance of the evidence that he had brandished a firearm and sentenced him to exactly seven years, in direct accordance with § 924(c)(1)(A)(ii)'s mandatory minimum sentence for brandishing.  Id. at 2156, 2164.

An appeal in Alleyne was a lost cause so long as Harris remained good law.  After granting certiorari, however, the Supreme Court explicitly overruled Harris and McMillan and held the district court had violated the defendant's Sixth Amendment right to trial by jury.  Id. at 2155, 2164–65.  Extending Apprendi, the Court held "facts that increase mandatory minimum sentences must be submitted to the jury," as well.  Id. at 2163.  "When a finding of fact alters the legally prescribed punishment so as to aggravate it," explained the Court, "the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."  Id. at 2162.  Significantly, Alleyne also made clear what the Constitution does *not* require: "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."  Id. at 2163.

## II.

Denver Police Department officers arrested Defendant Timothy Cassius in

4

June 2006. At the time, he was carrying a briefcase that was found to contain crack cocaine, digital scales, and a semi-automatic handgun. He was subsequently indicted on over a half-dozen criminal counts. At trial, the Government put forth evidence that the cocaine discovered in the briefcase totaled 20.869 grams. The jury then found Defendant guilty under 21 U.S.C. § 841(a), which makes it unlawful to possess a controlled substance (such as crack cocaine) with intent to distribute. After classifying Defendant as a career offender under § 4B1.1 of the Sentencing Guidelines, the district court sentenced Defendant to 25 years in jail for his § 841(a) violation. (For all six of Defendant's convictions combined, he received 30 years' imprisonment.) We dismissed Defendant's direct appeal. See United States v. Cassius, 340 F. App'x 444 (10th Cir. 2009) (unpublished). The next year, Defendant moved to vacate his sentence under 28 U.S.C. § 2255, contending new case law proved he had been wrongly classified as a career offender. The Government eventually conceded this point, and the court ordered a resentencing.

To determine the appropriate Guidelines range for resentencing, the district court held an evidentiary hearing to resolve the quantity of crack cocaine attributable to Defendant. At the end of this hearing, the court found Defendant responsible for 450.462 grams. Four days later, the Supreme Court issued Alleyne. Defendant quickly filed an objection, arguing the district court was violating Alleyne by utilizing its larger crack amount to drastically increase his sentencing range under the Guidelines. The court disagreed and sentenced Defendant to 204 months in

prison (*i.e.*, 17 years) for the § 841 conviction. Overall, the court varied downward and sentenced Defendant to 264 months in jail—88 months below the bottom of the Guidelines range for all six of his convictions combined. Defendant appealed.

**III.**

On appeal, Defendant argues the district court committed procedural error in calculating the applicable Guidelines range. Because Defendant preserved this procedural argument below, we review for an abuse of discretion. See United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013). Typically, this means "we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012) (citing United States v. Mollner, 643 F.3d 713, 714 (10th Cir. 2011)). But as a practical matter, our review here is purely de novo because Defendant does not contest the court's factual finding of 450+ grams of crack cocaine; rather, he challenges the court's legal authority to enhance his sentence based on this finding.

Defendant contends drug quantity is an "element" of all 21 U.S.C. § 841 violations—meaning it must be found by a jury beyond a reasonable doubt—and therefore the district court erred by computing his Guidelines range using a crack cocaine amount the court found by a preponderance of the evidence. And drug quantity is plainly an element of any § 841 violation, Defendant insists, because maximum and minimum penalties available under § 841 vary depending on the drug quantity involved.

6

Defendant is correct that the § 841 statutory penalties vary based on the quantity of crack cocaine in question. Since mid-2010, a basic § 841 violation involving 280 grams or more of crack cocaine results in a statutory sentencing range of 10 years to life imprisonment, see id. § 841(b)(1)(A), a basic violation involving 28 grams or more results in a sentencing range of 5 years to 40 years imprisonment, see id. § 841(b)(1)(B), and a basic violation involving an unspecified amount results in a sentencing range with a maximum of 20 years imprisonment and no minimum, see id. § 841(b)(1)(C). These numbers increase if certain aggravating factors exist. For example, if a person is convicted under § 841(a) "after a prior conviction for a felony drug offense has become final"—as occurred here[1]—the statutory parameters will be as follows:

| 21 U.S.C. | Crack cocaine | Minimum | Maximum |
|---|---|---|---|
| § 841(b)(1)(C) | Unspecified | — | 30 years |
| § 841(b)(1)(B) | 28 grams or more | 10 years | Life |
| § 841(b)(1)(A) | 280 grams or more | 20 years | Life |

In its brief, the Government argued that drug quantity is *not* an element under § 841(b)(1)(C)—unlike (b)(1)(A) and (b)(1)(B)—because that specific subsection "does not require proving to the jury any quantity of drugs." The Government changed its tune at oral argument, however, asserting instead that drug quantity *is* an element of § 841 violations. Thankfully, we need not discern which of the

---

[1] Defendant was originally convicted and sentenced under a prior, harsher version of 21 U.S.C. § 841. The district court re-sentenced Defendant in line with the present version, however, and neither party has objected to the court's doing so.

Government's positions is correct, as nothing in the record here indicates the district court's actions were improper. Even assuming (without deciding) that drug quantity is an element of all § 841 violations, the court properly treated it as such when it calculated Defendant's statutory sentencing range (0 to 30 years) based on the jury's drug quantity finding. The court only used its own drug quantity finding as a mere sentencing factor to help choose a sentence *within* the proper statutory range (*i.e.*, 17 years). This duality is quite permissible.

Indeed, despite Defendant's protestations to the contrary, Alleyne is perfectly clear on this point. There, the Court emphasized that the district court only violated the defendant's rights during sentencing because it altered his *statutory* sentencing range based on a finding not made by the jury. "When a finding of fact alters the legally prescribed punishment so as to aggravate it," the Court explained, "the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." Alleyne, 133 S.Ct. at 2162. Importantly, the Court then assured readers that "[o]ur ruling today *does not mean that any fact that influences judicial discretion must be found by a jury*. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." Id. at 2163 (emphasis added); see also United States v. Booker, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").

8

In sum, nothing in the record indicates the district court increased Defendant's statutory sentencing range or otherwise altered his legally prescribed punishment; rather, by all indications the court used its larger drug quantity finding solely as a sentencing factor to help determine Defendant's sentence within the prescribed statutory range. We find no error in this procedure under Alleyne.

This conclusion is fully supported by our sister circuits who have analyzed, pursuant to Alleyne, a district court's finding of a higher drug quantity when calculating the Guidelines range for a § 841 conviction. See United States v. Freeman, 763 F.3d 322, 336 (3rd Cir. 2014) ("These [higher drug quantity] findings, made for purposes of determining [defendants'] applicable Guidelines ranges, were permissible under Alleyne so long as the ultimate sentence imposed was within the statutorily prescribed range. . . . [O]ur review of both sentencing transcripts reveals no reliance by the District Court on any sentencing minimum . . . ."); United States v. Ramírez-Negrón, 751 F.3d 42, 49 (1st Cir. 2014) ("We flatly reject the proposition that all drug quantity calculations made under the advisory Guidelines must be submitted to a jury. . . . No Alleyne error occurs when a defendant's sentence is based entirely on Guidelines considerations without changing the applicable mandatory minimum.");[2] United States v. Valdez, 739 F.3d 1052, 1054 (7th Cir.

---

[2] Notably, Ramírez-Negrón held drug quantity is *not* an element under 21 U.S.C. § 841's "default" drug distribution crime—*i.e.*, distribution punishable under § 841(b)(1)(C). Id. at 49. This may indeed be correct, but as we explained above, (continued...)

9

2014) ("Because the quantity found by the district court would support a statutory minimum of ten years [under] § 841(b)(1)(A)(i), Valdez says, the court ran afoul of Alleyne. . . . The district court did not err by calculating a greater drug quantity solely for purposes of determining Valdez's Guideline range . . . ."); United States v. Johnson, 732 F.3d 577, 584 (6th Cir. 2013) ("Alleyne did not extend Apprendi to facts that do not increase the prescribed statutory penalties. . . . [T]he district court's factual determination with respect to the additional [drug] quantities did not violate his [defendant's] Sixth Amendment rights as articulated in Alleyne.").

Other circuits have held similarly, albeit on sentencing enhancements unrelated to drug quantity. See United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014) (per curiam) (unpublished) ("[A]lthough judicially determined facts are no longer relevant after Alleyne to deciding the applicable mandatory minimum, the factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province."); United States v. Tuma, 738 F.3d 681, 693 (5th Cir. 2013) ("The Alleyne decision applies only to facts that increase a statutory mandatory minimum sentence. . . . Tuma's sentence did not expose him to a mandatory minimum sentence and was well within the sentencing discretion of the district court . . . ."); United States v. Ibrahim, 529 F. App'x 59, 64 (2d Cir. 2013)

---

[2](...continued)
we need not reach the issue because Alleyne's logic and principles apply here even if drug quantity is in some sense an element under every branch of § 841.

(unpublished) ("Because the Sentencing Guidelines are advisory rather than mandatory . . . application of guidelines enhancements that do not increase the statutory maximum or minimum penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial." (citing, *inter alia*, Alleyne, 133 S. Ct. at 2162–64)).

Obviously, the deck is stacked against Defendant here, as not a single circuit has ruled in favor of the position he espouses. Still, we would be remiss not to address several of his attacks on our holding. For starters, Defendant points out we have twice ruled recently that Alleyne does *not* allow a district court to calculate the Guidelines range using judge-found facts. See United States v. Lake, 530 F. App'x 831 (10th Cir. 2013) (unpublished) (Lake I); United States v. Lake, 556 F. App'x 706 (10th Cir. 2014) (unpublished) (Lake II). Of course, we are not bound by unpublished decisions. Moreover, the Lake cases—which involved a father and son, respectively—contain no analysis of the relevant issue. This is because we accepted the Government's concession of Alleyne error in Lake I, and in Lake II we were bound by the law of the case (*i.e.*, Lake I), even though the Government had by that time changed its mind regarding Alleyne. Lake I, 530 F. App'x at 832; Lake II, 556 F. App'x at 707–708. Thus, we wrote nothing in Lake I or Lake II that contradicts our position. Indeed, another unpublished decision we wrote accords with the position we now espouse. See United States v. Baum, 542 F. App'x 724, 727 (10th Cir. 2013) (unpublished) ("Relying on Alleyne . . . Baum nonetheless contends that

11

the government was required to prove the number of images [of child pornography] beyond a reasonable doubt because the enhancement increased his advisory Guidelines range. Yet Alleyne addressed '[a]ny fact that, by law, increases the penalty for a crime' and specifically noted that the case 'does not mean that any fact that influences judicial discretion must be found by a jury.' The district court thus did not err . . . ." (internal citations omitted)).

Defendant also implies that perhaps the district court did view itself bound by a mandatory minimum sentence even though the jury's finding merited no such thing.[3] Specifically, he cites the following statement made by the court at sentencing: "The drug related and firearm related felony offenses for which Mr. Cassius [has] been convicted are inherently extremely serious offenses which carry lengthy prison terms. *In fact, many of the counts of conviction carry mandatory minimum sentences*." (emphasis added). This last line is particularly troubling, Defendant asserts. We are not so troubled. The sentence in question is ambiguous at worst, and it specifically acknowledges that some of Defendant's convictions did not carry a mandatory minimum sentence. Indeed, the court made clear elsewhere at sentencing and in its subsequent statement of reasons that only one count required a mandatory minimum: Defendant's conviction for carrying a firearm during and in relation to a drug crime. Most importantly, the Court explicitly discussed Alleyne

---

[3] Defendant admits, however, that the "district court did not explicitly say it felt constrained to impose a mandatory minimum sentence."

at sentencing, noted that it only applied where mandatory minimum sentences were increased due to judicial fact-finding, and that "[t]here is no such issue in this case." In the end, we will not hang our hat on such a flimsy hook as the above quote.

Finally, Defendant insinuates our holding violates the will of Congress by allowing a district court to "transform an element of a crime into a mere sentencing factor through its choice of how to conduct sentencing." But, as we explained above, the court's "choice of how to conduct sentencing" here was in clear accordance with Supreme Court precedent, which in our view allows a district court to make any relevant factual findings—even if that finding involves an element of the crime found by the jury—so long as it does not alter a defendant's statutory sentencing range. See Alleyne, 133 S.Ct. at 2163–64; Booker, 543 U.S. at 230.

AFFIRMED.[4]

---

[4] Defendant contends, alternatively, that even sentencing factors solely used to calculate a Guidelines range must be found by a jury and not a judge. Defendant concedes, however, that this argument is precluded by binding precedent. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Ray, 704 F.3d 1307, 1314 (10th Cir. 2013) ("The Supreme Court . . . has definitively held that Apprendi does not apply to the present advisory-Guidelines regime." (citing Booker, 543 U.S. at 233)). Thus, we will not address it further. But cf. Jones v. United States, 135 S. Ct. 8, 8–9 (2014) (Scalia, J., dissenting from denial of certiorari) (arguing that even if a judge's factual finding does not alter the proper statutory range, the finding is impermissible if the final sentence would be *substantively* unreasonable in absence of the finding).