**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

LESLIE SUSAN HARRISON, also
known as Leslie Harrison, also known
as Leslie Stultz,

　　　　Defendant-Appellant.

No. 14-5076
(N.D. of Okla.)
(D.C. No. 4:12-CR-00016-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

A jury convicted Leslie Harrison of conspiracy to manufacture and

distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841

and 846. After an evidentiary hearing, the district court found Harrison was

responsible for approximately 1,100 grams of methamphetamine, resulting in a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Sentencing Guidelines range of 188 to 235 months' imprisonment. After granting a downward variance, the court sentenced Harrison to 136 months' imprisonment.

Harrison contends the district court violated her Sixth Amendment rights as established by the Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2014). Specifically, she argues the district court's drug quantity finding subjected her to § 841(b)'s mandatory minimum sentence of ten years' imprisonment for offenses involving 500 grams or more of a mixture or substance containing methamphetamine, *see* 28 U.S.C. § 841(b)(1)(A)(viii), rather than the five-year minimum for offenses involving 50 grams or more.[1] *See id.* § 841(b)(1)(B)(viii). Although we review the district court's legal conclusions de novo, *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012), Harrison's legal challenge is foreclosed by our recently published opinion in *United States v. Cassius*, No. 13–1367, 2015 WL 327824 (10th Cir. Jan. 27, 2015).

---

[1] The statutory range of penalties for violations of § 841 vary based on drug quantity. Section 841(b)(1)(A) imposes a statutory range of 10 years to life in prison for offenses involving "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." Section 841(b)(1)(B) imposes a statutory range of 5 to 40 years' imprisonment for offenses involving "50 grams or more or a mixture or substance containing a detectable amount of methamphetamine." Finally, § 841(b)(1)(C) covers offenses involving unspecified amounts and "results in a sentencing range with a maximum of 20 years imprisonment and no minimum." *United States v. Cassius*, No. 13–1367, 2015 WL 327824, at *3 (10th Cir. Jan. 27, 2015).

In *Cassius*, we held that *Alleyne* does not bar a district court from "enhanc[ing] a criminal defendant's Sentencing Guidelines range for a 21 U.S.C. § 841 conviction based on a judicial drug quantity finding greater than what the jury found at trial . . . . so long as the court does not use its own drug quantity finding to alter the defendant's *statutory* sentencing range."[2] *Id.* at \*1. Applying that rule here, it is clear the district court properly rejected Harrison's *Alleyne* objection at sentencing. The statutory range for Harrison's § 841 conviction was 5 to 40 years' imprisonment. *See* 28 U.S.C. § 841(b)(1)(B)(viii). As was the case in *Cassius*, "nothing in the record indicates the district court increased [Harrison's] statutory sentencing range or otherwise altered h[er] legally prescribed punishment." *Cassius*, 2015 WL 327824, at \*4. In fact, the court explicitly stated, "there's only one mandatory minimum in this case and that is the statutory mandatory minimum of not less than five years." R., Vol. 2 at 94. Rather, the court used its finding that Harrison was responsible for approximately 1,100 grams of methamphetamine solely to determine the appropriate Guidelines range, which fell well within the statutory minimum and maximum penalties for

---

[2] *Accord United States v. Freeman*, 763 F.3d 322, 336 (3d Cir. 2014), *cert. denied*, 2015 WL 303330 (Jan. 26, 2015); *United States v. Hinojosa*, 749 F.3d 407, 412–13 (5th Cir. 2014); *United States v. Ramírez-Negrón*, 751 F.3d 42, 49 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 276 (2014); *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014), *cert. denied*, 134 S. Ct. 2314 (2014); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013).

her conviction.[3]  *Cf. Cassius*, 2015 WL 327824, at \*4 ("[B]y all indications the court used its larger drug quantity solely as a sentencing factor to help determine his sentence within the prescribed statutory range.").

Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we AFFIRM the sentence and DISMISS this appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

---

[3]  Although the subsection of § 841 under which a defendant is convicted sets his statutory sentencing range, the drug quantity table in § 2D1.1 of the Sentencing Guidelines sets a defendant's base offense level according to the amount of drugs involved in the underlying offense.  *See* USSG § 2D1.1(c) (Drug Quantity Table).  The drug quantity table in effect at the time of Harrison's sentencing assigned a base offense level of 32 for offenses involving "[a]t least 500 G but less than 1.5 KG of Methamphetamine."  *See id.* § 2D1.1(c)(4) (2013).  The presence of an additional "Specific Offense Characteristic[]" listed in § 2D1.1(b) increased Harrison's base offense level to 34, which combined with her criminal history category, resulted in a Guidelines range of 188 to 235 months' (or approximately 15 to 19 years') imprisonment.  As noted above, the district court granted a three-level downward variance and sentenced Harrison to 136 months (or approximately 11 years).  Thus, although the district court's drug quantity finding increased her base offense level, at no point did Harrison face a sentence that was outside § 841(b)(1)(B)'s statutory range of 5 to 40 years.  The fact that her sentence ultimately fell above the 10-year statutory minimum prescribed by § 841(b)(1)(A) does not mean that the district court's finding triggered § 841(b)(1)(A)'s minimum.  *Cf. Hinojosa*, 749 F.3d at 413 ("Guidelines ranges based on relevant conduct and other factors will often extend far above a statutory minimum.  As a matter of simple logic, those ranges may even exceed a higher statutory minimum applicable to a related offense.  When that is the case, nothing in *Alleyne*, *Apprendi*, *Booker* or other authority provides that the discretionary range of the Guidelines triggers a statutory minimum higher than the one applicable to the count of conviction or the requirement of jury fact-finding.").