**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO DEWAYNE ADAMS,

    Defendant - Appellant.

No. 20-6071
(D.C. No. 5:19-CR-00219-G-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Antonio Dewayne Adams was charged with and pleaded guilty to being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). According to the

government, this possession occurred as part of Mr. Adams's commission of acts of

domestic violence. Mr. Adams objected to his presentence investigation report's

("PSR") inclusion of a cross-reference to the section of the United States Sentencing

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines Manual for an offense involving stalking or domestic violence. The government agreed with the application of the cross-reference, but moved for a variance on the ground that the domestic violence warranted a higher sentence than provided by the Guidelines range, even after application of the cross-reference. The district court overruled Mr. Adams's objection to the PSR, granted the government's motion, and—over Mr. Adams's further objection—varied upward from the advisory Guidelines range of 37 to 46 months' imprisonment to the statutory maximum of 120 months.

On appeal, Mr. Adams argues the district court improperly considered facts to support the finding of domestic violence that were not found by a jury or admitted by him. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I. BACKGROUND

Around midnight on March 23, 2019, Antonio Dewayne Adams arrived at his girlfriend's ("Girlfriend") home. Mr. Adams had become jealous due to a social media post by Girlfriend's ex-boyfriend. Mr. Adams accused Girlfriend of cheating on him, and he looked through her phone. He then took out a revolver and pointed it at her. Mr. Adams shoved Girlfriend onto the couch, slapped her glasses off her face, and kicked her when she attempted to pick them up. He told her: "you are going to die tonight." ROA, Vol. II at 4. Mr. Adams held Girlfriend at gunpoint for several hours before she was able to escape by convincing him she needed to let her dog out into her yard. Instead, she ran to a neighbor's house. The neighbor called 911, and

2

Girlfriend informed the 911 operator that Mr. Adams had attacked her and held her captive with a gun. When police officers arrived at Girlfriend's house, they found Mr. Adams and the loaded firearm.

A federal grand jury charged Mr. Adams with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty without a plea agreement.

The PSR calculated Mr. Adams's Criminal History Category as IV. The Guideline for unlawful possession of a firearm provides for a cross reference where "the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense." United States Sentencing Commission, *Guidelines Manual*, §2K2.1(c)(1) (Nov. 2018). In analyzing the offense level, the PSR therefore recommended a cross reference to USSG §2A6.2, "which references offenses involving stalking or domestic violence." ROA, Vol. II at 5. Utilizing this cross reference, the PSR calculated Mr. Adams's Base Offense Level as 18, plus a 2-point increase for the use of a dangerous weapon, yielding an Adjusted Offense Level of 20. After a 3-level decrease for acceptance of responsibility, the PSR concluded Mr. Adams's Total Offense Level was 17.

Had the PSR not applied the cross reference, the provisions of USSG §2K2.1(a) and (b) would have determined Mr. Adams's offense level. The PSR explained Mr. Adams's Base Offense Level under those provisions of the Guideline would have been 14, and his Adjusted Offense Level would have been 18 due to the

imposition of a 4-level increase for the domestic assault. Presuming the same 3-level decrease for acceptance of responsibility, this would have resulted in a Total Offense Level of 15.

With a Total Offense Level of 17 and a Criminal History Category of IV, the advisory Guidelines' range for imprisonment was 37 to 46 months. A Total Offense Level of 15 would have instead yielded a range of 30 to 37 months. USSG Ch. 5, Pt. A.

Mr. Adams filed several objections to the PSR. As relevant here, Mr. Adams objected to: (1) the information regarding the domestic violence on March 23, 2019, and (2) the PSR's cross-reference to §2A6.2 or alternative use of §2K2.1 with a 4-level increase. According to Mr. Adams, the offense level was improperly calculated because both the cross-reference and the 4-level increase were based on the domestic violence, conduct of which he had not been convicted and to which he had not pleaded guilty.[1] If the district court had sustained these objections, Mr. Adams's Total Offense Level would have been 12, resulting in a Guidelines range of 21 to 27 months.[2]

---

[1] Relatedly, Mr. Adams objected to the inclusion of statements by Girlfriend under the "victim impact" heading, on the ground that she was not a victim of this offense.

[2] Mr. Adams would have been entitled to only a 2-level decrease for acceptance of responsibility if neither the cross-reference to USSG §2A6.2 nor the 4-level increase under USSG §2K2.1 had been applied. The PSR applied a 1-level decrease under USSG §3E1.1(b) in addition to a 2-level decrease under USSG §3E1.1(a), both for acceptance of responsibility. But USSG §3E1.1(b) applies only if "the offense level determined prior to the operation of subsection (a) is level 16 or

4

In his sentencing memorandum, Mr. Adams continued to advance these objections and argued in the alternative that the district court should depart or vary downward to impose a below-Guidelines sentence. The government moved for an upward variance based on the domestic violence during the crime of conviction and on Mr. Adams's prior history of domestic violence. The government attached eleven exhibits to its motion.

At sentencing, the district court overruled Mr. Adams's objection to consideration of information about the domestic assault, finding it relevant. The court also rejected Mr. Adams's objection to Girlfriend's statements in the PSR and Mr. Adams's objection to the PSR's calculation of the offense level. The government entered multiple exhibits (some of which were attached to its original motion), as well as calling a domestic violence expert witness. Mr. Adams objected to all of the government's evidence, but the district court overruled his objections.[3] The defense did not enter any evidence, and Mr. Adams declined to allocute.

In fashioning its sentence, the district court relied heavily on "the circumstances surrounding the present offense"—"evidence reflect[ing] that Mr. Adams was brandishing the firearm in question as part of an assault on his girlfriend" which involved "threatening to kill her, striking and kicking her, and

---

greater." Mr. Adams's adjusted offense level would have been only 14 had the district court sustained his objections.

[3] The district court indicated it received a letter from Girlfriend in addition to the materials in the record.

talking about where and how he was going to shoot [her]." ROA, Vol. III at 55–56. Due to "at least five prior crimes that involved domestic violence," the district court "readily conclude[d] that this is the latest incident in a pattern of violence towards women by Mr. Adams." *Id.* at 56.

The district court varied upward and imposed a sentence of 120 months' imprisonment, which it found was sufficient but not greater than necessary under the 18 U.S.C. § 3553(a) factors. It entered judgment reflecting this sentence on May 5, 2020. Mr. Adams timely filed a notice of appeal on May 19, 2020.

## II. DISCUSSION

"The Sixth Amendment provides that those 'accused' of a 'crime' have the right to a trial 'by an impartial jury.' This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 104 (2013) (plurality opinion). Mr. Adams argues his Fifth and Sixth Amendment rights were violated when the district court, rather than a jury, found by a preponderance of evidence, rather than beyond a reasonable doubt, that he had engaged in an act of domestic violence and first increased, then varied from Mr. Adams's Guidelines range due to this uncharged conduct. But in his statement regarding oral argument, Mr. Adams acknowledges his arguments cannot succeed under our precedent.

To the extent Mr. Adams challenges the constitutionality of considering court-made findings based on a preponderance of the evidence at sentencing, our review is de novo. *United States v. Cassius*, 777 F.3d 1093, 1096 (10th Cir.), *cert. denied* 576

6

U.S. 1063 (2015).[4] In performing that de novo review, we consider separately Mr. Adams's contention that his Sixth Amendment rights were violated by the factfinding being performed by a judge rather than a jury and his contention that his Fifth Amendment rights were violated by the sentencing court's use of a preponderance of the evidence standard in finding facts. As we now explain, one of Mr. Adams's constitutional claims is foreclosed by decisions of the United States Supreme Court, and both are contrary to our own precedent.

### A.  Sixth Amendment

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held a "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." But "[t]he Supreme Court . . . has definitively held that *Apprendi* does not apply to the present advisory-Guidelines regime." *United States v. Ray*, 704 F.3d 1307, 1314 (10th Cir. 2013) (citing *United States v. Booker*, 543 U.S. 220, 259 (2005)). This court has noted that *Booker* and subsequent precedent distinguish between findings of fact that alter a defendant's "*statutory* sentencing range," which must be found by a jury, and facts considered by a judge "to help determine [a d]efendant's sentence

---

[4] To be precise, we review preserved objections to sentencing for abuse of discretion, which entails reviewing legal conclusions de novo and factual findings for clear error. *United States v. Cassius*, 777 F.3d 1093, 1096 (10th Cir. 2015). But where, as here, a defendant "challenges the court's legal authority to enhance his sentence based on [its] finding[s]" of fact, "as a practical matter, our review . . . is purely de novo." *Id.*

within the prescribed statutory range," which may be found by a judge. *Cassius*, 777 F.3d at 1097; *see also, e.g.*, *Booker*, 543 U.S. at 223 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.").We have repeatedly held that, under this precedent, a Sixth Amendment challenge to judicial factfinding that informs only a court's exercise of discretion, as opposed to altering the statutory range, cannot succeed. *See Cassius*, 777 F.3d at 1099; *United States v. Redcorn*, 528 F.3d 727, 745–46 (10th Cir. 2008); *see also United States v. Stein*, ___ F.3d ___, No. 19-3030, 2021 WL 233286, at \*5 n.3 (10th Cir. Jan. 25, 2021). The Supreme Court's precedent and our precedent foreclose Mr. Adams's argument.

Mr. Adams does not provide any argument which would allow us to depart from the Supreme Court's clear statements or this court's prior cases. He cites *Booker*, *Cunningham v. California*, 549 U.S. 270 (2007), and *Southern Union Co. v. United States*, 567 U.S. 343 (2012), as supportive of his position, but they are not. All three of these decisions recognize the distinction between findings of fact which increase the maximum punishment authorized by law (and must be found by a jury) and facts which influence a judge's determination of how to exercise his discretion in fashioning a sentence within a statutory range (and need not be found by a jury). *See Booker*, 543 U.S. at 259 (holding the Guidelines, if advisory rather than mandatory, "fall[] outside the scope of *Apprendi*'s requirement"); *Cunningham*, 549 U.S. at 294 ("Other States have chosen to permit judges genuinely to exercise broad discretion within a statutory range, which, everyone agrees, encounters no Sixth Amendment

8

shoal." (internal quotation marks and footnote omitted)); *S. Union Co.*, 567 U.S. at 353 ("The exercise of such sentencing discretion is fully consistent with *Apprendi,* which permits courts to impose 'judgment *within the range* prescribed by statute.'" (quoting *Apprendi*, 530 U.S. at 481) (emphasis in original)).[5]

Accordingly, Mr. Adams cannot prevail on his claim that the district court violated his Sixth Amendment rights by making the findings of fact relevant to his sentence.

### B. Fifth Amendment

This court, together with five other circuits, has held factfinding in the sentencing phase requires only a preponderance of the evidence, even where a contested fact has a significant impact on the sentence. *United States v. Robertson*, 946 F.3d 1168, 1171–72 (10th Cir.) (collecting cases), *cert. denied*, 141 S. Ct. 398 (2020). It is true that the Ninth Circuit has reached a different conclusion. *Id.* at 1171 (citing *United States v. Hymas*, 780 F.3d 1285, 1290 (9th Cir. 2015)). But that is of no moment: "This issue has been foreclosed in this Circuit." *Id.* No decision of either this court en banc or the Supreme Court has undermined our conclusion in *Robertson* or the cases stating the same principle which came before it. Accordingly,

---

[5] Mr. Adams also cites as supportive a concurring opinion and a dissent from a denial of certiorari by Justice Scalia, the latter of which was joined by Justices Thomas and Ginsburg; dicta from an opinion of this court authored by then-Judge Gorsuch; and dicta from an opinion concurring in the denial of a petition for rehearing en banc authored by then-Judge Kavanaugh. But none of these statements is contained in a controlling opinion of the Supreme Court and therefore cannot authorize our departure from binding Supreme Court precedent or our prior holdings.

Mr. Adams's Fifth Amendment argument cannot succeed. *See United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015) ("One panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." (alterations omitted)).

### III.  CONCLUSION

We **AFFIRM** Mr. Adams's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge