**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLIN JAMES MACK,

    Defendant - Appellant.

No. 25-5021
(D.C. No. 4:00-CR-00126-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

In 2002, a jury found Defendant Marlin James Mack guilty on four drug-related charges. The district court sentenced Mack to life terms of imprisonment for the two counts related to cocaine base and to 20-year terms for the remaining two counts, all to be served concurrently. Subsequently, Mack moved to reduce his two life terms under 18 U.S.C.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

§ 3582(c)(1)(B) and § 404 of the First Step Act of 2018. The district court granted that motion, reducing the sentence for one count to 70 years and for the other to 40 years. Mack nonetheless appealed, arguing that the district court should have reduced his sentence by more. Because the district court acted well within its discretion, we affirm.

Since there is no suggestion that the district court misapplied the law, we review the district court's order granting a sentence reduction for abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1154–55 (10th Cir. 2020). Our review is especially deferential in this context because "the First Step Act vests district courts with nearly unfettered discretion to decide whether to reduce a sentence." *United States v. Broadway*, 1 F.4th 1206, 1210 (10th Cir. 2021). So long as the district court provides "a brief statement of reasons" and considers the nonfrivolous arguments before it, we will generally defer to its discretion. *See Concepcion v. United States*, 597 U.S. 481, 501 (2022).

Mack is proceeding pro se, so we liberally construe his filings but do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Liberally reading his briefs, we can discern three arguments against the district court's exercise of discretion. First, Mack argues that *Alleyne v. United States*, 570 U.S. 99 (2013), bars the district court from considering a murder cross-reference under the

sentencing guidelines, discussed in his presentence investigation report, because that murder was based on judicial factfinding. Second, he argues that even his reduced sentences are too harsh under the 18 U.S.C. § 3553(a) factors because (a) Mack already served 24 years of his sentences, (b) his sentence is much longer than his co-defendants' sentence, and (c) he faces a state life sentence so the need for a federal sentence is reduced. Finally, Mack argues that the district court should have taken his testimony at an evidentiary hearing. None of these arguments justify reversal under our deferential review.

First, assuming without deciding that Mack could raise his *Alleyne* argument in § 3582(c)(1)(B) proceedings, we conclude that his argument fails on the merits. *Alleyne* only prohibits courts from finding facts that "alter[] [the] *statutory* sentencing range," not from finding facts that inform their "broad sentencing discretion" within that sentencing range. *United States v. Cassius*, 777 F.3d 1093, 1097 (10th Cir. 2015). Because the district court reduced Mack's sentences to points within the statutory sentencing ranges – and Mack does not challenge the calculation of those statutory

ranges on appeal – the district court used the murder cross-reference only to inform its discretion. For this reason, Mack's *Alleyne* argument fails.[1]

Second, the district court expressly considered each of the § 3553(a) arguments that Mack raises on appeal. R. I at 221–22, 224, 227. And it provided a thorough explanation of its ultimate decision, satisfying the requirement to provide "a brief statement of reasons." *Concepcion*, 597 U.S. at 501. While the district court did not expressly rebut each argument, it did not need to do so to reach a decision. *Id.*

Turning to Mack's final argument, we have previously held that defendants have no right to a hearing when filing a motion under § 3582(c)(1)(B) and the First Step Act. *Mannie*, 971 F.3d at 1156. Further, we see nothing in the record suggesting that the district court should have held a hearing as an exercise of its inherent authority to administer its docket. *See id.* at 1157.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[1] To the extent Mack claims that the district court's factfinding was wrong, we disagree. The district court properly supported its conclusion by citing to Mack's state convictions on the murders forming the basis of the cross-reference.